**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MIKELL WHEELER,                          :
                                         :          Civil Action No. 13-2577 (MAS)
                                         :
          Plaintiff,                     :
                                         :
          v.                             :          **OPINION**
                                         :
DET. SCOTT IMBODEN,  et al.,             :
                                         :
          Defendants.                    :

**APPEARANCES:**

> MIKELL WHEELER, Plaintiff pro se
> #41257
> Warren County Correctional Center
> 175 County Rd. Rt. 519S
> Belvidere, New Jersey 07823

**SHIPP**, District Judge

Plaintiff, Mikell Wheeler, a state inmate confined at the Warren County Correctional Center in Belvidere, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a claim at this time.

## I. BACKGROUND

Plaintiff, Mikell Wheeler ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Detective Scott Imboden; Detective Douglas Baylor; and Detective James McDonald, of the Phillipsburg Police Department. (Complaint, Caption, ¶¶ 4b-d, 6.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on the night of February 14, 2012, Detectives Imboden and Baylor arrested two suspects at a house where Plaintiff was staying. The detectives asked who else was in the house and Plaintiff came out and was taken to police headquarters. Plaintiff alleges that Det. Imboden told him three times that Plaintiff was not under arrest, but once they arrived at the police station, Plaintiff was handcuffed to a wall in a room by himself. During the time Plaintiff was at the station, Defendant McDonald questioned Plaintiff and "repeatedly harassed" Plaintiff as to his name and address and "tried to get a confession out of [Plaintiff]." (*Id.*, ¶ 6.) Plaintiff alleges that he was held against his will and was not allowed to leave from February 14, 2012 until February 15, 2012. (*Id.*) For these alleged wrongs, Plaintiff seeks $ 5 million in damages. (*Id.*, ¶ 7.)

Plaintiff has filed several prior lawsuits before this Court regarding this same incident that have been administratively terminated because his application for *in forma pauperis* ("IFP") status was deficient. (*See Wheeler v. Farrier, et al.*, Civil No. 12-7845 (MAS); *Wheeler v. Baylor, et al.*, Civil No. 12-7860 (MAS); *Wheeler v. Baylor, et al.*, Civil No. 13-160 (MAS).) In

a consolidated Order signed by this Court on March 12, 2013 as to these matters, the two complaints in Civil Nos. 12-7860 and 12-7845 were dismissed with prejudice for failure to state a claim. (*Wheeler v. Baylor, et al.*, Civil No. 13-160 (MAS), March 12, 2013 Order, Dkt. # 3 at ¶ 1.) The most recent case, Civil No. 13-160 (MAS) was administratively terminated due to a deficient IFP application, and Plaintiff was permitted to re-open the case within 30 days if he submitted either a complete IFP application or paid the full filing fee. (*Id.*, ¶¶ 3-6.)

On April 16, 2013, Plaintiff submitted an amended Complaint in Civil No. 13-160 (MAS), (Dkt. # 4), but did not otherwise comply with the Court's March 12, 2013 Order. Accordingly, Civil No. 13-160 (MAS) was never re-opened. Instead, on May 2, 2013, Plaintiff filed the instant matter. The Court observes that the Complaint filed in this matter is identical in all respects to the amended Complaint submitted by Plaintiff in Civil No. 13-160 (MAS). In the Complaint in this matter, however, Plaintiff scribbles out the last sentence fragment in the Statement of Claims, ¶ 6, that reads "when probable cause was illegally found, in the police station handcuffed to a wall." (*Wheeler v. Baylor, et al.*, Civil No. 13-160 (MAS), Amended Complaint, Dkt. # 4 at ¶ 6.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Accordingly, because Plaintiff is a prisoner

proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, --- F. App'x ---, 2013 WL 2350169, *2 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

Plaintiff appears to assert a claim of false arrest and imprisonment stemming from his February 14, 2012 detention by the Defendant police detectives. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."[1] *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274–75 (1994); *Ferry v. Barry*, Civil No. 12–009, 2012 WL 4339454, at \*5 (D.N.J. Sept. 19, 2012). Probable cause is an "absolute

---

[1] A claim for false imprisonment arises where a person is arrested without probable cause and subsequently detained pursuant to that unlawful arrest. *Adams v. Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). *See also Wallace v. Kato*, 549 U.S. 384, 389 (2007) (to state a claim for false imprisonment, plaintiff must show that (1) he was detained; and (2) the detention was unlawful); *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007); *and see Wildoner v. Borough of Ramsey*, 162 N.J. 375, 389 (2000) (recognizing the existence of probable cause as a complete defense to false imprisonment).

Notably, the period of false arrest and imprisonment is very short: a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest, refers only to the period of incarceration lasting from the moment of arrest until the first legal action, *e.g.*, an arraignment. *See Groman*, 47 F.3d at 636. Indeed, the Supreme Court explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace*, 549 U.S. at 388, and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action. *See Connelly v. Wren*, Civil No. 12-2123 (NLH), 2013 WL 74233, \*4 (D.N.J. Jan. 4, 2013).

defense to ... false arrest, false imprisonment and § 1983 claims." *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 744 A.2d 1146 (2000). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

Here, Plaintiff has described the facts of his detention and arrest by Defendants. The Defendants allegedly took Plaintiff into custody for questioning because Plaintiff was staying that night at a residence where Defendants had arrived to arrest two other individuals. Overnight, after questioning Plaintiff, Defendants arrested him. Plaintiff simply alleges that no probable cause existed for his arrest. In an earlier, identical pleading, Plaintiff alleged that probable cause was fabricated. In this case, Plaintiff has not described the information known to the police after they eventually arrested him upon questioning, nor has he described the charges for which he was arrested. Instead, he has asserted only the fact of his detention and arrest, which he characterizes as lacking in probable cause. The fact of arrest, alone, is not sufficient to raise Plaintiff's right to relief above a "speculative level." *See Twombly*, 550 U.S. at 555. *Cf. Bradley v. Jersey City Police Dept.*, Civil No. 12-5236 (SRC), 2013 WL 4606710, *4 (D.N.J. Aug. 29, 2013) (dismissing a claim for false arrest that provided no details concerning the circumstances of arrest); *Mines v. Whalen*, Civil Action No. 10–2850, 2011 WL 5452535, *5–*6

6

(D.N.J. Nov. 7, 2011) (same).  At the very least, in the facts as alleged here by Plaintiff, there

appears to be sufficient basis for Plaintiff's initial detention for questioning by police as Plaintiff

was staying with two other individuals who were arrested by police on the night of February 14,

2012.  Accordingly, the Complaint will be dismissed without prejudice for failure to state a claim

of false arrest and imprisonment at this time.[2]

## V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its

entirety, against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and

1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.


_MICHAEL A. SHIPP_
MICHAEL A. SHIPP
United States District Judge


Dated: 10/15/13

---

[2]  This dismissal is without prejudice to Plaintiff filing an amended Complaint to cure the deficiencies of his pleading as discussed above.  Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013)(collecting cases).  *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*